UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RYAN WHITNEY, M.D.,

                                Plaintiff,

-v-

MONTEFIORE MEDICAL CENTER, et al.,

                                Defendants.

21 Civ. 9623 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

    The Court has received counsel's letters, *see* Dkts. 29, 31, 32, regarding a discovery dispute relating to certain text messages on the phones of three former employees, which plaintiff Ryan Whitney asks defendant Montefiore Medical Center to produce.

    The parties' dispute as to text messages resident on the phones of Dr. Adams and Dr. Kim appears to be moot. *See* Dkt. 31 at 2.

    As to text messages resident on the phones of Dr. Chyfetz, the Court is persuaded by plaintiff that a properly tailored request for such messages would be reasonably calculated to lead to the discovery of admissible evidence.

    On the admittedly truncated present record, it appears that Montefiore likely had a duty to preserve any such messages on Dr. Chyfetz's work phone. "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) (citing *Kronisch*, 150 F.3d at 126). Dr. Whitney initiated an EEOC complaint in Fall 2020. *See* Dkt. 29 at 3. The duty to preserve attached at the time when Dr. Whitney filed an EEOC complaint. *See Zubulake v. UBS Warburg*

*LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (initiation of EEOC complaint in employment discrimination case triggers litigation hold). Dr. Whitney alleges that Dr. Chyfetz was employed at Montefiore until at least July 2021, *see* Dkt. 29 at 3 n.3. Provided that there was a reasonable basis to believe that Dr. Chyfetz's work phone possessed relevant evidence, data on that work phone, therefore, should have been preserved upon his departure, given that Montefiore had been on notice, for several months, of Dr. Whitney's employment-discrimination claims. That Dr. Chyfetz did a performance review of Dr. Whitney close to his termination, *see* Dkt. 31 at 2, appears to supply a sufficient basis to conclude that Montefiore "should have known that the evidence may be relevant to future litigation," *Fujitsu*, 247 F.3d at 436, and that such might fall within the scope of data sought in discovery by Dr. Whitney. Montefiore did not, however, preserve the work phone's text messages. *See* Dkt. 31 at 2.

Should this case near trial, there will be an opportunity to litigate on a fuller record whether Montefiore in fact had a duty to preserve such evidence, whether its failure to do so constituted spoliation, and if so, what if any remedy is in order. At the present discovery stage, however, the imperative is to assure that the surviving content of Dr. Chyfetz's phones—work and personal—are made available in discovery. As to that, the Court credits Montefiore's representation that it is not in possession of messages taken from any phones of Dr. Chyfetz. *See* Dkt. 31 at 2. Plaintiff is at liberty to pursue such text messages through discovery directed to Dr. Chyfetz, and the Court expects that it would enforce a properly tailored subpoena to Dr. Chyfetz. To the extent that Montefiore reports that Dr. Chyfetz has stated that he did not use his personal phone in connection with his work at Montefiore, *see* Dkt. 32, plaintiff is not required to credit that claim and is at liberty to test it through discovery directed to Dr. Chyfetz.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 17, 2022
       New York, New York