UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN WHITNEY, M.D.,

                              Plaintiff,

            -v-

MONTEFIORE MEDICAL CENTER et al.,

                              Defendants.

21 Civ. 9623 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received counsels' letters, *see* Dkts. 37, 39, regarding a discovery dispute

relating to three categories of discovery, which defendants Montefiore Medical Center and

Albert Einstein College of Medicine (together, "defendants") ask plaintiff Ryan Whitney to

produce.  These are: (1) a release to enable defendants to subpoena Whitney's records from his

prior surgical residency at the University of Tennessee Medical Center; (2) Whitney's tax returns

for his business from 2018 to present; and (3) all records maintained by Whitney's accountant

and on Whitney's Microsoft OneDrive account which relate to or show when Whitney provided

medical services to patients, what services were provided, and the income derived from his

business.  This order resolves those disputes.

As to the records relating to Whitney's prior surgical residency, the Court finds that such

records are not relevant to any claim or defense, and that such evidence contained in these

records would be inadmissible under Federal Rules of Evidence 403 and 404(a).  Defendants

seek these records to support their contention that Whitney "failed his prior surgical residence for

similar performance issues in the operating room."  Dkt. 37 at 3.  But Whitney's performance in

his prior residency at the University of Tennessee Medical Center "bears no relevance to his

actual work performance" with defendants. *Ireh v. Nassau Univ. Med. Ctr.*, No. Civ 06-09 (LDW) (AKT), 2008 WL 4283344, at \*5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010) (denying defendant's request to obtain plaintiff's prior medical residency records in employment discrimination suit).  That is particularly true here, where defendants have never represented that Whitney's performance record at the University of Tennessee Medical Center was even considered, let alone consequential, in their decision to terminate Whitney from *their* residency program.  If received for the purpose identified by defendants, the performance records, as evidence of Whitney's "failure" at an earlier job, would thus constitute blatant "character evidence that is inadmissible for the purpose of proving action in conformity therewith." *Id.* at \*4 (cleaned up).  The Court accordingly denies defendants' request for a release to subpoena Whitney's records from his surgical residency at the University of Tennessee Medical Center.

As to the requests for Whitney's tax returns and records relating to outside employment, defendants seek both sets of materials to assess (1) the extent to which Whitney engaged in prohibited outside employment, such as providing in-person patient care in private settings, and (2) Whitney's alleged damages.  Both grounds are relevant to claims and defenses in this matter. Defendants argue that Whitney's "moonlighting," in violation of hospital policy, motivated the termination, rebutting Whitney's claims that he was actually fired because of his attention-deficit/hyperactivity disorder, which the residency failed to accommodate.  Records substantiating defendants' assertion that Whitney engaged in impermissible outside employment, therefore, is germane to defendants' contention that the stated basis existed and was their actual motivation, and not invented as pretext.  Whitney's medical income during and after his residency is, separately, relevant to damages.  Dkt. 37 at 2.

It does not follow, however, that, for these purposes, defendants are entitled to obtain both Whitney's tax records and the records maintained by Whitney's accountant and on Whitney's Microsoft OneDrive account.  The request for tax returns is particularly problematic. Tax returns are generally afforded additional protection in civil discovery under what some courts in this circuit have termed a "qualified privilege." *See, e.g., Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198 (LAK) (JCF), 2007 WL 1521117, at \*7 (S.D.N.Y. May 24, 2007); *Gattegno v. Pricewaterhousecoopers*, LLP, 205 F.R.D. 70, 72 (D. Conn. 2001). Whitney's tax returns instead are discoverable if: "(1) [I]t clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need . . . because the information contained therein is not otherwise readily obtainable." *Gattegno*, LLP, 205 F.R.D. at 73.

Defendants have not put forward any arguments as to what relevant information might be available in the tax returns that is otherwise not captured by records of Whitney's accountant or Whitney's own records in his Microsoft OneDrive account.  *See* Dkt. 37 at 2.  To the extent that the tax returns may capture Whitney's "mitigation efforts" via self-employment during this litigation, *id.*, defendants give no reason to conclude that the other records would not capture the same timeframe.  Indeed, defendants state that "at his deposition," Whitney "testified that his accountant could produce records to show all the visits" he "made to patients as well as what he charged for these visits for the period 2018 to *present*." *Id.* (emphasis added).  Whitney "also testified that he *maintains* a 'Microsoft OneDrive account' for his business records and patient records to document his work and the pay he receives for his work and that those records were available." *Id.* (emphasis added).  And defendants do not argue that Whitney has engaged in self-employment activities other than the patient visits that he represents business records will

capture.  Accordingly, based on the present record, the Court denies defendants' bid to obtain

Whitney's tax returns, because the information contained therein is readily obtainable elsewhere.

*Gattegno*, LLP, 205 F.R.D. at 73.  But the Court compels Whitney to provide to the defendants

the accountant and Microsoft OneDrive records that have been requested.  Those are to be

produced within one week of this order.


       SO ORDERED.

Paul A. Engelmayer
United States District Judge


Dated: December 6, 2022
      New York, New York